**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID COELHO,

      Plaintiff-Appellant,

v.

CAMILIO ROMERO, Warden,
Roswell Correctional Center;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Defendants-Appellees.

No. 98-2282
(D.C. No. CIV-98-72 LH/LFG)
(New Mexico)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

David Coelho, a pro se prisoner, appeals from the district court order dismissing his petition for relief under 28 U.S.C. § 2254. We deny his motion for a certificate of appealability and dismiss the appeal.

Mr. Coelho was convicted of aggravated battery of his wife. The New Mexico Court of Appeals affirmed his conviction and the New Mexico Supreme Court denied his petition for certiorari on October 23, 1996. On January 20, 1998, Mr. Coelho filed a petition for a writ of habeas corpus in federal district court. The state moved to dismiss for untimely filing under AEDPA, 28 U.S.C. § 2244(d). The magistrate judge determined that the filing was timely but recommended that the petition be dismissed. In addition to filing objections with the district court, Mr. Coelho filed a notice of appeal with this court. The district court adopted the magistrate judge's recommendation and dismissed the petition. Although Mr. Coelho did not file a new notice of appeal, he filed a brief in this court raising two issues.

We lack jurisdiction to hear an appeal taken directly from the magistrate judge's decision. *See Colorado Building & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 811 (10th Cir. 1989). However, we may construe as a notice of appeal a document intended to serve as an appellate brief and filed within the time allotted to file a notice of appeal. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992). Mr. Coelho's brief meets the requirements of

*Smith*, thus conferring jurisdiction on this court.

Under AEDPA the one-year statute of limitations to file a federal habeas petition begins to run on either "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case where no petition for a writ of certiorari was filed with the Supreme Court, Mr. Coelho's claim became final on January 21, 1997, when the time expired for filing a petition for certiorari 90 days after the October 23, 1996 entry of judgment. *See Griffith v. Kentucky,* 479 U.S. 314, 321 n.6 (1987) (defining "final")*; James v. Scott*, No. 99-7005, slip op. at 2 (10th Cir. May 20, 1999) (unpublished). Mr. Coelho filed this action on January 20, 1998, and his petition was therefore timely.

Turning to the merits of the appeal, Mr. Coelho claims ineffective assistance of counsel for, among other things, the failure to call his wife, the battered victim, to testify on his behalf, notwithstanding she had already testified for the prosecution. Although this new ground for ineffective assistance was not raised in state court, under AEDPA a court may nevertheless exercise discretion to review and deny the claim. *See* 28 U.S.C. § 2254(b)(2); *Hoxsie v. Kerby*, 108 F.3d 1239, 1242-43 (10th Cir. 1997). For ineffective assistance of counsel, defendant must establish that his counsel's performance objectively fell below the standard of reasonableness and that the deficient performance was prejudicial.

*See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Petitioner must overcome the strong presumption that his attorney's decision "might be considered sound trial strategy." *Id.* at 689 Here, counsel's decision to refrain from calling the battered victim as a defense witness clearly resembles trial strategy and Mr. Coelho has not overcome his burden to establish otherwise. Moreover, he offers no evidence of prejudice. With respect to Mr. Coelho's other claim that he did not receive effective assistance of counsel because the fourteen-month delay resulted in the unavailability of three witnesses, we agree with the magistrate judge's analysis that the claim lacks merit.

Mr. Coelho also contends that a fourteen-month delay in bringing him to trial violated his right to a speedy trial. In reviewing the New Mexico Court of Appeal's determination to the contrary, we must evaluate whether that court's determination was "contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Although the interpretation of section 2254(d) is now before the Supreme Court, *see Williams v. Taylor*, 163 F.3d 860 (4th Cir.1998), *cert. granted*, No. 98-8384 (U.S. April 5, 1999), Mr. Coelho loses under any plausible reading of section 2254(d). In evaluating the speedy trial claim, the New Mexico Court of Appeals balanced

the factors outlined in *Barker v. Wingo*, 407 U.S. 514 (1972): length of delay, reasons for the delay, defendant's assertion of the right, and prejudice to defendant. The state court concluded that the part of the delay primarily caused by the state was not enough to violate the right to a speedy trial when weighed on balance against the remaining *Barker* factors. We agree. Four months of the delay was entirely attributable to Mr. Coelho who failed to appear for his first trial and had to be reapprehended. Of the remaining ten months, much of it was the normal time needed to get to trial. Mr. Coelho did not assert his right to a speedy trial until the eve of trial, and he himself acknowledged that any prejudice was insignificant. On this record, the delay does not violate Mr. Coelho's right to a speedy trial.

A habeas petitioner is entitled to a certificate of appealability only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the issues raised by Mr. Coelho do not amount to the requisite showing, we deny the certificate.

In conclusion, we **DENY** the certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge

-5-